IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| D.A.V. George J. Gleeson U.S.A. Citizen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:08-cv-126 |
| -vs- | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Honorable Joy McDonald; Paul Hutter, | ) | **ORDER GRANTING DEFENDANTS'** |
| Chief of Staff; James Terry, Chairman; | ) | **MOTIONS TO DISMISS** |
| James B. Peake, Secretary of Veterans | ) | |
| Affairs; Retired General Eric K. Shinseki, | ) | |
| Secretary of Veterans Affairs; George J. | ) | |
| Opfer, Inspector General; Paula Conard, | ) | |
| Service Center Manager; Lonnie Wangen, | ) | |
| N.D. Commissioner of Veterans Affairs; | ) | |
| United States President, George W. Bush; | ) | |
| United States President Elect, Barack | ) | |
| Obama, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a motion by Defendant Lonnie Wangen to dismiss for lack of

personal jurisdiction (Doc. #6), and a motion by the other defendants to dismiss for lack of

subject matter jurisdiction.  (Doc. #22)  Plaintiff George J. Gleeson also filed a motion for

summary judgment (Doc. #16); a motion for a trial date (Doc. #27); a motion regarding evidence

(Doc. #32); and a motion to strike (Doc. #36).  The Court, having considered all of the briefs and

documents filed by the parties, now issues this memorandum opinion and order.

## SUMMARY OF DECISION

When Congress enacted the Veterans' Judicial Review Act, it established the framework

for the adjudication of claims for veterans benefits.  According to the Act, exclusive jurisdiction

rests with the Court of Appeals for Veterans Claims and the Federal Circuit.  Therefore, this

Court lacks subject matter jurisdiction over Gleeson's challenges to decisions made by the Board

of Veteran Affairs regarding service-connected disability benefits.  Consequently, Defendants'
motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

In addition, Gleeson failed to properly serve Defendant Lonnie Wangen; therefore,
Defendant Wangen's motion to dismiss for lack of personal jurisdiction is also **GRANTED**.

Finally, because this Court does not have subject matter jurisdiction and this action is
dismissed without prejudice, Plaintiff's various other motions are **DENIED** as moot. (Doc. #16,
27, 32, & 36).

## FACTUAL BACKGROUND

On December 5, 2008, Plaintiff George J. Gleeson, *pro se*, filed an eight-page complaint.
(Doc. #1).  Three days later, he filed a 13-page amended complaint.  (Doc. #2).  The amended
complaint adds Retired General Eric Shinseki as a defendant.  It also contains additional
statements about Gleeson's alleged claims and increases his alleged damages.

Gleeson's specific legal claims are difficult to ascertain.  It appears he is a Vietnam War
Veteran seeking service-connected disability benefits plus recognition for his military service,
specifically two Purple Hearts and a Bronze Star.  In reviewing all of Gleeson's filings, the
gravamen of this action is he is upset with the disability ratings given to him by the Board of
Veterans Affairs, as well as alleged errors and mistakes committed by some state and federal
Veterans Affairs employees.  For relief, Gleeson seeks a disability rating of 100 percent, two
Purple Hearts and a Bronze Star, compensation in the amount of $400,000 to $600,000 for lost
disability income over the last 38 years, and punitive damages in the amount of $5.5 million.

One reason Gleeson's claims are difficult to decipher is due to his failure to articulate
what specifically each defendant did to cause him harm.  It seems that Gleeson believes each of

2

the defendants were somehow involved in the denial of disability benefits.  Other than the

Honorable Joy McDonald, Board of Veterans' Appeals Judge, Gleeson does not mention any of

the other defendants in the body of his complaint or amended complaint.  In fact, the only other

defendants Gleeson refers to by name in any of his filings are Lonnie Wangen, Commissioner of

the North Dakota Department of Veterans Affairs, and Paula Conard, manager of the Veterans

Service Center in Fargo.  Even so, the references to these two defendants do no alter the manner

in which the Court has liberally construed Gleeson's claims.

     As to Wangen, Gleeson writes: "The complaint lists Lonnie Wangen as a defendant and

his ambiguos, refusal too by motion too dismiss filing is very much again with clarity obvious by

myself acting pro-se litigant a repeated blatant disregard, for the law his obvious indifference too

his sought recorded transcripts, under oath, clearly would show most non biased, prejudiced,

judges, a type of ethic violation of responsibility when due process is a issue."  (Doc. #8, pp. 4-

5).  Gleeson also contends that the motion to dismiss filed by Wangen shows "obvious contempt

for justice, sought by all parties." (Doc. #25, p. 2).  He continues:

> The clear lack of interpretation, in specific raised issues, mentioned, under oath in
> televised B.V.A. proceeding on 2-2-07 with Honorable Joy McDonald, surpass the
> defendants, blatant disregard, his official capacity, ignorant of laws variance, by
> claiming court lacks jurisdiction, over him is outrageous, and ludicrous, the under
> oath testimony, the evidence recieved, by Judge McDonald concerning P.T.S.D. foot
> residuals, and both ankles and sciatic nerve permanent, and causing total disability
> unemployability individual . . .

Id. at pp. 2-3,

As to the reference to Paula Conard, Gleeson states:

> The ludicrous, outrageous, resistance by the defendant [unclear which one] fully
> aware that in his official capacity, with many questions too be answered, under oath,
> his liability dependent on Appt. Judges discretion, and if need be Appelate Court
> Panel of Judges in 8th Circuit, would possibly deem it necessary, too have A.G.s

Office appoint a special prosecutor for what could constitute alledged conspiracy
cover up, acessory too obstruction of Justice, criminal charges for the apathetic abuse
of power, neglect, apparent by both po Paula Conard, included confirmed obvious
are comp, punitive damages on capacity, . .

(Doc. #8, p. 2).

Thus, other than the Honorable Joy McDonald, who it appears issued at least one
unfavorable decision regarding Gleeson's military disability claims, it is difficult to figure out
what specifically each of the other defendants did to cause Gleeson harm.  The common thread
throughout Gleeson's filings, however, is that he believes he is 100 percent disabled due to his
military service and he wants a "non V.A." judge to evaluate his claim.

## ANALYSIS

**1.      This Court lacks subject matter jurisdiction over Gleeson's claims.**

While Gleeson makes various allegations of prejudice, fraud, conspiracy, discrimination,
and malicious conduct, Gleeson is asking this Court to review his claim for service-connected
disability benefits and find him 100 percent disabled for the last 38 years.  Related to his military
service, Gleeson also seeks two Purple Hearts and a Bronze Star.  This Court does not have
subject matter jurisdiction to review Board of Veterans Affairs decisions or the authority to
award Purple Hearts or Bronze Stars.

In 1988, Congress enacted the Veterans' Judicial Review Act, which established a
framework for the adjudication of claims for veterans benefits.  Mehrkens v. Blank, 556 F.3d
865, 869 (8th Cir. 2009).  The process begins when a veteran files a claim for benefits with a
regional office of the Department of Veterans Affairs.  Id.  The regional office decides all
questions of law and fact as they relate to the claim, a process involving several levels of
appeals.  Id.  After theses appeals are exhausted, an aggrieved claimant may appeal to the Board

4

of Veterans Appeals ("BVA").  <u>Id.</u> (citing 38 U.S.C. § 7104).

BVA decisions are appealable to the Court of Appeals for Veterans Claims.  <u>Id.</u>
Congress has vested exclusive jurisdiction to review BVA decisions with the Court of Appeals
for Veterans Claims.  <u>Id.</u>  Aggrieved claimants may then appeal decisions of the Court of
Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction
over such matters.  <u>Id.</u> (citing 38 U.S.C. § 7292).  Lastly, an aggrieved claimant may appeal to
the Supreme Court.  <u>Id.</u> (citing 38 U.S.C. § 7291).

Throughout his filings with this Court, Gleeson complains about evidence admitted and
decisions made by the Honorable Joy McDonald, Law Judge for the BVA.  As outlined above,
BVA decisions must be appealed to the Court of Appeals for Veterans Claims, not a district
court.  Because this Court lacks subject matter jurisdiction over Gleeson's alleged claims
regarding denial of service-connected disability benefits, his complaint must be dismissed.[1]
<u>Mehrkens</u>, 556 F.3d at 870; <u>Hicks v. Veterans Admin.</u>, 961 F.2d 1367, 1369-70 (8th Cir. 1992)
(district court lacks subject matter jurisdiction over challenge to VA's decision affecting
benefits; such decisions can be reviewed only in exclusive appellate review scheme established
by Veterans Judicial Review Act of 1988).

Gleeson also seeks two Purple Hearts and a Bronze Star.  The Purple Heart is awarded to
military personnel pursuant to Executive Order 11016, dated April 25, 1962 and Executive Order

---

[1] Gleeson's claim for military disability benefits is also barred by 28 U.S.C. § 1346(d)(1),
which provides:
    (d)      The district court shall not have jurisdiction under this section of:
           (1) Any civil action or claim for a pension.
Long ago it was determined that a claim for veteran disability compensation is a claim for
pension.  <u>Smith v. United States</u>, 57 F.2d 998, 999 (4th Cir. 1932).

12464, dated February 23, 1984.  The Bronze Star is awarded to military personnel pursuant to Executive Order 9419, dated February 4, 1944 and Executive Order 11046, dated August 24, 1962.  In order to receive such honors, a veteran must meet specific criteria.  The Secretary of a military department determines who qualifies and ought to receive Purple Hearts and Bronze Stars.  This Court does not have the authority to award such honors.  Should Gleeson feel he was overlooked for such honors, he may write to the following address for guidance on how to proceed:

> Commander, PERSCOM, ATTN: TAPC PDA, Alexandria, VA 22332-0471.

The Court concludes it lacks subject matter jurisdiction over Gleeson's claims, therefore, Defendants' motion to dismiss (Doc. #22) is **GRANTED**.  This action is hereby dismissed without prejudice.

**2.    Additionally, this Court lacks personal jurisdiction over Lonnie Wangen.**

Defendant Lonnie Wangen contends the Court lacks personal jurisdiction over him because service of process was improper, and therefore this action should be dismissed as to him. The Court agrees.

Gleeson neither alleges a claim against Lonnie Wangen in his individual capacity nor does he contend that Wangen acted outside the scope of his employment.  Instead, a plain reading of Gleeson's filings leads the Court to conclude Gleeson is suing Wangen in his capacity as the North Dakota Commissioner of Veterans Affairs.  Gleeson attempted to serve Wangen in this action by mailing the complaint via certified mail, return receipt requested to "Lonnie Wangen, N.D. Comm. of V.A. Aff., 4201 38th Street SW, Suite 104, P.O. Box 9003, Fargo, N.D. 58108-9003." (Doc. #5).  Gleeson argues that Wangen has been properly served because

certified mail, return receipt requested has been acceptable in past litigation in which he has been involved.  (Doc. #8, p. 4).

A state employee sued in his official capacity is treated as an action against the governmental entity and not the named official.  Robb v. Hungerbeeler, 370 F.3d 735, 740 (8th Cir. 2004).   Defendant Wangen is sued in his capacity as the Commissioner of the North Dakota Department of Veterans Affairs.  The North Dakota Department of Veterans Affairs is a state entity created to assist veterans and their dependants in obtaining both federal and state benefits for which they are entitled.  See N.D.C.C. Ch. 37-18.  Thus, the Court must determine whether Gleeson properly served the state with the summons and complaint according to Rule 4(j), Fed. R. Civ. P., which governs service on state and local governments.  Rule 4(j) provides, in relevant part:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)     delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)     serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Gleeson could have complied with the requirements of Rule 4 by properly serving Wangen under either federal law, as outlined in subdivision (A), or state law, as outlined in subdivision (B).  Service of process upon the state under North Dakota law is governed by Rule 4(d)(2)(F), of the North Dakota Rules of Civil Procedure, which provides as follows:

> [U]pon the state, by delivering a copy of the summons to the governor or attorney general or an assistant attorney general and, upon an agency of the state, such as the Bank of North Dakota or the State Mill and Elevator Association, by delivering a copy of the summons to the managing head of the agency or to the attorney general or assistant attorney general.

Under either subdivision (A) or subdivision (B), service must be made by "delivery." "Delivery" is a term of art that requires personal service upon particular individuals designated to accept service, and service by mail, even certified mail, return receipt, does not constitute delivery. Rice v. Univ. of North Dakota Sch. of Med. & Health Sciences, No. 2:07-cv-11, 2008 WL 5145482, at *2 (D.N.D. Dec. 8, 2008); See Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000) (plaintiff did not meet requirements for service of complaint when she mailed copies of summons and complaint and did not personally serve on anyone the complaint); Sanderson v. Walsh County, 712 N.W.2d 842, 848 (N.D. 2006) ("delivery" under North Dakota rule governing service of process on state does not include mailing, even if it is by certified mail and return receipt and restricted delivery).

Pro se litigants are not excused from compliance with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 805 (8th Cir. 1986). A court lacks jurisdiction over a defendant who is improperly served. Dodco, Inc. v. Am. Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993) (per curium). The plaintiff is responsible for obtaining proper service on a defendant and making the appropriate proof of service to the court. Atkinson v. Frank, No. 93-1385, 1993 WL 263110, at *1 (8th Cir. July 14, 1993); Fed. R. Civ. P. 4(l) (unless service is waived, proof of service must be made to the court). Gleeson did not comply with the rules to effectuate proper service on the State or Lonnie Wangen. It is unclear if service was proper on the remaining defendants. They have not raised this issue and the Court expresses no opinion on whether the remaining defendants were properly served.

A plaintiff is required to serve the summons and complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a plaintiff fails to comply within the time allowed, a

court must dismiss the action without prejudice or order that service be made within a specified time.  Because this Court also lacks subject matter jurisdiction, the Court orders that Gleeson's complaint against Lonnie Wangen be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**;  Defendant Lonnie Wangen's motion to dismiss for lack of personal jurisdiction is also **GRANTED**; and Plaintiff Gleeson's motions for summary judgment, for a trial date, for evidence, and to strike are **DENIED** as moot.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 15th day of June, 2009.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court